**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 24, 2012.**



In The

# Fourteenth Court of Appeals

———————

NO. 14-12-00411-CR

———————

**IN RE MICHEAL W. BARNES, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1072414**

---

## MEMORANDUM OPINION

On May 2, 2012, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. Relator claims his conviction should be set aside as void.

Texas Code of Criminal Procedure article 11.07 governs the procedure for obtaining post-conviction relief from a final felony conviction. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (West Supp.2010). Article 11.07 provides no role for the courts of appeals in this process. *See id.* Only the Texas Court of Criminal Appeals has jurisdiction over matters

related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals,* 802 S. W.2d 241, 243 (Tex.1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App.1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). Accordingly, relator's petition is dismissed for lack of jurisdiction. Tex. R. App. P. 52.8(a).


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).